**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**SYLVESTER O. BARBEE,
ADC #131311**                                                                                          **PLAINTIFF**

**V.**                                            **CASE NO. 4:21-CV-204-BRW-BD**

**RAYMOND NAYLOR,** *et al.*                                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I**.        **Procedure for Filing Objections:**

This Recommendation for the dismissal of Mr. Barbee's complaint has been sent
to Judge Billy Roy Wilson. Any party may file written objections to this
Recommendation. Objections should be specific and should include the factual or legal
basis for the objection. To be considered, objections must be received in the office of the
Court Clerk within 14 days.

If no objections are filed, Judge Wilson can adopt this Recommendation without
independently reviewing the record. By not objecting, parties risk waiving the right to
appeal questions of fact.

**II.**        **Discussion:**

A.        Background

Sylvester O. Barbee, an Arkansas Division of Correction (ADC) inmate, filed this
civil rights lawsuit under 42 U.S.C. § 1983, without the help of a lawyer. (Doc. No. 2)

Mr. Barbee complains that Defendants Raymond Naylor, Joe Page,[1] and Daniel Wayne Golden convicted him and upheld a false disciplinary charge against him in retaliation for his exercising his first amendment right to file a federal lawsuit.[2] He sued Defendants in both their individual and official capacities, seeking money damages.

Defendants have moved for summary judgment on all claims. (Doc. No. 57) Mr. Barbee has responded to the motion; thus, the motion is ripe for review. (Doc. Nos. 68, 70)

B.      Standard

A party is entitled to summary judgment if—but only if—the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56 and *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017). Because Defendants are the moving party here, the Court will construe any disputed facts in a light favorable to Mr. Barbee.

C.      Undisputed Factual Allegations

In January 2019, ADC internal affairs personnel investigated a suspected contraband drop over the fence behind barracks 10 of the Tucker Unit. (Doc. No. 57-2 at 1) During a search of barracks 10, ADC officers confiscated four cell phones, tobacco,

---

[1] The Clerk is instructed to update the docket sheet to reflect the correct spelling of Defendant Page's name – Joe Page.

[2] The Court previously dismissed Mr. Barbee's conspiracy, due process, equal protection, and eighth amendment claims against Defendants Wayne, Naylor, and Page, as well as all of Mr. Barbee's claims against Defendant Perlie Johnson. (Doc. Nos. 11, 42)

two packages of K-2, four cell phone chargers, two headphones, and one bottle of cologne. *Id*. A confidential informant identified Mr. Barbee as one of the inmates who possessed the discovered contraband.

After Major Steve Beatty (a non-party) interviewed Mr. Barbee, he issued Mr. Barbee a major disciplinary for the following: possession/introduction/use of a cell phone; possession/introduction of drugs; asking/offering inducement; purchase of unauthorized articles; and failure to obey staff. *Id*.

On February 5, 2019, Defendant Daniel Golden found Mr. Barbee guilty of possession/introduction/use of a cell phone and possession/introduction of drugs. *Id. at 2*. Mr. Barbee appealed his disciplinary conviction to Defendant Joe Page, Warden of the Tucker Unit. After reviewing all evidence presented, including the charging officer's report, witness statements of staff, confidential informant statements, video footage, and the report from an internal affairs investigation, Defendant Page upheld Mr. Barbee's disciplinary conviction. (Doc. No. 57-7 at 2)

Mr. Barbee appealed Defendant Page's decision to Defendant Raymond Naylor, Internal Affairs Investigator. Defendant Naylor considered all evidence relevant to Mr. Barbee's January 28, 2019 disciplinary, then upheld Mr. Barbee's disciplinary conviction. (Doc. No. 57-9 at 2-3)

Mr. Barbee complains that Defendants Golden convicted him of the disciplinary and that Defendants Naylor and Page upheld the disciplinary conviction in retaliation for his filing an earlier federal lawsuit against these same Defendants in this Court. See *Barbee v. Waddle*, *et al*., E.D. Ark. Case No. 5:18-CV-00280-DPM ("*Barbee I*").

3

It is undisputed that Mr. Barbee sued Defendants Golden, Naylor, and Page in *Barbee I*. (Doc. No. 57-5 at 1) However, on January 7, 2019, the Court dismissed the claims in *Barbee I* before ordering service of process for any of the Defendants. (Docs. No. 57-5 at 1-7) Defendants Golden, Naylor, and Page testified that they were not aware that they were sued in *Barbee I* at the time Mr. Barbee received the disciplinary at issue in this case. (Doc. No. 57-1 at 2; Doc. No. 57-7 at 3; Doc. No. 57-9 at 3) This testimony is bolstered by Mr. Barbee's deposition testimony that he never discussed *Barbee I* with any of the Defendants in this case. (Doc. No. 57-10 at 6)

D.     Official Capacity Claims

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Mr. Barbee's claims for money damages from Defendants in their official capacities are barred by sovereign immunity.

D.     Qualified Immunity

In their motion for summary judgment, Defendants argue that they are entitled to qualified immunity. "Qualified immunity shields public officials from liability for civil damages if their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Dillard v. O'Kelley*, 961 F.3d 1048, 1052 (8th Cir. 2020) (en banc) (internal quotation marks omitted). Officials are not liable for bad guesses in gray areas of the law; they are liable for "transgressing bright lines." *Moore v. City of Desloge, Mo.*, 647 F.3d 841, 846 (8th Cir. 2011) (citing *Ambrose v. Young*, 474 F.3d 1070, 1077 (8th Cir. 2007)).

4

E.      Retaliation Claim

To proceed on his retaliation claims, Mr. Barbee must prove that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (holding that an inmate "must show that impermissible retaliation was the actual motivating factor for his transfer").

To avoid summary judgment, Mr. Barbee must present "affirmative evidence of a retaliatory motive." *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007); *Wilson v. Northcutt*, 441 F.3d 586, 592 (8th Cir. 2006); *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007) ("Merely alleging that an act was retaliatory is insufficient."); and *Rienholtz v. Campbell*, 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) ("an inmate cannot immunize himself from adverse administrative action by prison officials merely by filing grievances and then claiming that everything that happens to him is retaliatory").

Importantly, a retaliatory discipline claim fails, as a matter of law, if there was "'some evidence' that the inmate actually committed a rule violation." *Moore v. Plaster*, 266 F.3d 928, 931 (8th Cir. 2001); see also *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) (holding that a finding that a disciplinary was based on some evidence "essentially checkmates" a retaliation claim); and *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993) (same).

5

Here, Mr. Barbee alleges that Defendants retaliated against him for exercising his first amendment right to file a federal lawsuit. He has not offered any evidence, however, to show that any of these Defendants knew of his previous lawsuit. Likewise, he does not present any evidence to support his conclusory assertion that retaliation was a motivating factor behind any Defendant's decision to charge or affirm his disciplinary conviction.

In fact, the undisputed evidence shows that Mr. Barbee's disciplinary conviction was based on considerably more than "some evidence." The charging officer's report, witness statements, confidential informant statements, video footage, and the internal affairs investigation report all support Mr. Barbee's disciplinary conviction. (Doc. No. 57-3; Doc. No. 57-4; Doc. No. 57-8)

## III.  <u>Conclusion</u>:

Mr. Barbee's retaliation claim fails as a matter of law; and Defendants are entitled to qualified immunity.[3] The Court recommends, therefore, that Defendants' motion for summary judgment (Doc. No. 57) be GRANTED and that Mr. Barbee's claims be DISMISSED, with prejudice.

DATED this 11th day of December, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] In their motion, Defendants also argue that Mr. Barbee's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). However, because the Court concludes that Mr. Barbee's retaliation claim fails as a matter of law, the Court need not address that argument.